**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000472
10-FEB-2016
07:53 AM**

NO. CAAP-15-0000472

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
MIKE YELLEN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
HILO
(CIVIL NO. 3DTA-15-01425)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION

(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we do not have appellate jurisdiction over Defendant-Appellant Mike Yellen's (Appellant Yellen) appeal from the Honorable Barbara T. Takase's May 18, 2015 judgment for the offense of violating a parking meter time limit in violation of Hawaiʻi County Code § 24-216 (2005), because Appellant Yellen's appeal is untimely under Rule 4(a)(1) of the Hawaiʻi Rules of Appellate Procedure (HRAP), and, thus, we lack appellate jurisdiction under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015).

An appellate court has an independent obligation to ensure jurisdiction over each case and to dismiss the appeal sua sponte if a jurisdictional defect exits. State v. Graybeard, 93 Hawaiʻi 513, 516, 6 P.3d 385, 388 (App. 2000). We note that

violating a parking meter time limit in violation of Hawaiʻi
County Code § 24-216 is punishable by a fine not exceeding $25.00
under Hawaiʻi County Code § 24-227(b) (2005), and, thus, this
offense constitutes a "'[t]raffic infraction' . . . for which the
prescribed penalties do not include imprisonment." HRS § 291D-2
(2007). "No traffic infraction shall be classified as a criminal
offense." HRS § 291D-3(a) (2007). Under HRS Chapter 291D, a
district court adjudicates a contested traffic citation without
holding a standard trial, but if the district court adjudicates
the citation in favor of Plaintiff-Appellee State of Hawaiʻi,
then "[t]he defendant may request a trial pursuant the Hawaii
rules of evidence and rules of the district court[.]" HRS
§ 291D-13(a) (2007). Rule 19(d) of the Hawaiʻi Civil Traffic
Rules (HCTR) provides that "[a]ppeals from judgments entered
after a trial may be taken in the manner provided for appeals
from district court civil judgments." HCTR Rule 19(d). HRS
§ 641-1(a) authorizes appeals from district court civil
judgments:

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in
> civil matters from all final judgments, orders, or decrees
> of circuit and district courts. In district court cases, a
> judgment includes any order from which an appeal lies. A
> final order means an order ending the proceeding, leaving
> nothing further to be accomplished. When a written
> judgment, order, or decree ends the litigation by fully
> deciding all rights and liabilities of all parties, leaving
> nothing further to be adjudicated, the judgment, order, or
> decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251,
1252 (1999) (citations, internal quotation marks, and footnote
omitted).

The district court's May 18, 2015 judgment ended the
proceeding by providing the final adjudication and fine against
Appellant Yellen for the offense of violating a parking meter
time limit in violation of Hawaiʻi County Code § 24-216, leaving
nothing further to be accomplished. Therefore, the May 18, 2015
judgment was an immediately appealable final judgment pursuant to
HRS § 641-1(a).

2

However, "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). The thirtieth day after May 18, 2015, was Wednesday, June 17, 2015. Appellant Yellen filed his notice of appeal on Thursday, June 18, 2015, which was the thirty-first day after entry of the May 18, 2015 judgment, in violation of the thirty-day time limit under HRAP Rule 4(a)(1) for an appeal from a civil judgment. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Appellant Yellen acknowledged the May 18, 2015 judgment with his signature at the bottom of the page, which indicates that he received sufficient and timely notice of the May 18, 2015 judgment to assert a timely appeal under HRAP Rule 4(a)(1). We lack jurisdiction over this untimely appeal.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000472 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 10, 2016.

Presiding Judge

Associate Judge

Associate Judge

3